David H. Krieger, Esq.
Nevada Bar No. 9086
HAINES & KRIEGER, LLC
8985 S. Eastern Ave., Suite 350
Henderson, NV 89123
Phone: (702) 880-5554
FAX: (702) 385-5518
Email: dkrieger@hainesandkrieger.com

Attorney for Plaintiff
*JAMES DONNELLY*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| JAMES DONNELLY, | : Civil Action No.: _____ |
| | : |
| Plaintiff, | : |
| v. | : |
| | : |
| RSG, LLC, | : **COMPLAINT** |
| | : |
| Defendant. | : |

For this Complaint, Plaintiff JAMES DONNELLY, by undersigned counsel,

states as follows:

## **JURISDICTION**

1.      This action arises out of Defendant's repeated violations of the Fair

Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA"), and the

harassment of Plaintiff by Defendant and its agents in their illegal efforts to collect

a consumer debt and jurisdiction is therefore proper in this Court pursuant to 28

U.S.C. § 1331.

2.      Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367 and this Court has original jurisdiction over Plaintiff's FDCPA and state law claims. *Mims v. Arrow Fin. Serv., LLC*, 132 S.Ct. 740 (2012).

3.      Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) & (c), because Plaintiff resides within the District of Nevada, a substantial portion of the events or omissions giving rise to the claim occurred in this District, and Defendant regularly conducts business in this District.

## PARTIES

4.      Plaintiff JAMES DONNELLY ("Plaintiff" or "Mr. Donnelly"), is an adult individual residing in Las Vegas, Nevada, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5.      Defendant RSG, LLC  ("RSG"), is doing business in the State of Nevada as a business entity operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6.      RSG at all times acted by and through one or more of its debt collectors or other agents (the "Collectors").

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### The Debt

7.      Plaintiff allegedly incurred a financial obligation (the "Debt") to

"Greg Hess" (the "Creditor" or "Mr. Hess") for a personal debt.  Indeed, Mr. Hess created fictional billing statements for unknown consumer purchases in an amount of $57,670.72 and then sought to collect those fraudulently fabricated charges against Plaintiff for consumer purchases, which Plaintiff had simply never incurred (the "Fraudulent Charges").

8.      The Debt relating the Fraudulent Charges arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

9.      The Debt was purchased, assigned or transferred to RSG for collection, or RSG was employed by the Creditor to collect the Debt.

10.     Defendant attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**RSG Engages in Illegal Collection Tactics**

**FACTS**

11.     On or about February 20, 2019, RSG commenced communications with Plaintiff seeking to collect the Debt.

12.     Specifically, "Todd Harris", an RSG representative, advised Plaintiff that RSG was retained as debt collector to "proceed with some litigation" relating to the fraudulent Debt and would be "executing the complaints requested by [the Creditor] on February 21, 2019.

13.     Notably, Plaintiff did not owe the Debt and RSG's entire effort to the collect the Fraudulent Charges was illegal as a matter of law.

14.     Further (perhaps in acknowledgement of the baseless nature of the underlying Debt), RSG never took the action it threated to take: it never commenced the threatened litigated, which it stated was imminent and would be filed on February 21, 2019; nor could it, since such actions would be in further violation of the law.

15.     As a result of the foregoing illegal collection conduct and threats, this suit results.

## Plaintiff Suffered Actual Damages

16.     Plaintiff has suffered and continues to suffer actual damages as a result of RSG's unlawful conduct.

17.     As a direct consequence of Defendant's acts, practices and conduct, Plaintiff suffered and continues to suffer from anger, anxiety, emotional distress, frustration, rage, headaches, an upset stomach, heart palpitations, and has otherwise been totally annoyed by Defendant's intrusive and illegal collection calls.  Plaintiff has also lost the use of personal and family time while enduring these frustrations.

## Respondeat Superior Liability

18.     The acts and omissions of RSG, and the other debt collectors employed

as agents by RSG who communicated with Plaintiff as more further described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant RSG.

19.    The acts and omissions by RSG and these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by RSG in collecting consumer debts.

20.    By committing these acts and omissions against Plaintiff, RSG and these other debt collectors were motivated to benefit their principal, Defendant RSG.

21.    RSG is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA and Nevada tort law, in their attempts to collect a debt from Plaintiff.

## COUNT I

### Violations of the FDCPA
### (15 U.S.C. § 1692 *et seq.*)

22.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

23.    Defendant's conduct violated 15 U.S.C. § 1692e in that Defendant engaged in false, deceptive or misleading behavior in connection with the

collection of a debt by threatening to take legal action, which it could not carry out. Indeed, RSG sought to collect the Fraudulent Charges, which were simply not owed by Plaintiff and were totally fabricated by Mr. Hess.

24.     Defendant's conduct violated 15 U.S.C. § 1692e(2) in that Defendant misrepresented the amount of the Debt owed by Plaintiff and attempted to have Plaintiff pay more than the Debt owed to Creditor for the same reasons.

25.     Defendant's conduct also violated 15 U.S.C. § 1692e(5) in that Defendant threatened to take legal action which it could not legally carry out. Defendant could not file a lawsuit which had no legal basis or factual support. Moreover, the threat to file the frivolous suit was never carried out even through used as a bludgeon to threaten Plaintiff to submit into paying the Fraudulent Charges for a debt he did not owe.

26.     Defendant's conduct violated 15 U.S.C. § 1692e(10) in that Defendant employed various false representations and deceptive means to collect a debt.

27.     Defendant's conduct violated 15 U.S.C. § 1692f in that Defendant used unfair and unconscionable means to collect a debt and attempted to humiliate and belittle Plaintiff.

28.     Defendant's conduct violated 15 U.S.C. § 1692f(1) in that Defendant attempted to collect an amount not authorized by the agreement between Plaintiff and Creditor.  Indeed, as there simple never was an agreement between Plaintiff

and Creditor for the Debt, collection of the same by RSG violated this provision as well.

29.     The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

30.     Plaintiff is entitled to damages as a result of Defendant's violations.

31.     Plaintiff has been required to retain the undersigned as counsel to protect his legal rights to prosecute this cause of action, and is therefore entitled to an award or reasonable attorneys' fees plus costs incurred.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant awarding Plaintiff:

1.  Actual damages including, but not limited to, the emotional distress Plaintiff has suffered (and continues to suffer) as a result of the intentional, reckless, and/or negligent FDCPA violations pursuant to 15 U.S.C. § 1692k(a)(1);

2.  Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

3.  Attorney's fees and costs pursuant to 15 U.S.C. § 1692k;

4.  Actual damages including, but not limited to, the emotional distress

Plaintiff has suffered (and continues to suffer) as a result of the intentional, reckless, and/or negligent violations of NRS 598.0918 as permitted under NRS 41.600;

5. An award of attorney's fees and costs to counsel for Plaintiff; and

6. Such other relief as the Court deems just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: March 4, 2019

Respectfully submitted,

By  /s/ David H. Krieger, Esq.

David H. Krieger, Esq.
Nevada Bar No. 9086
HAINES & KRIEGER, LLC
8985 S. Eastern Avenue, Suite 350
Henderson, Nevada 89123
Phone: (702) 880-5554
FAX: (702) 385-5518
Email: dkrieger@hainesandkrieger.com

Attorney for Plaintiff
*JAMES DONNELLY*